IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRY LYNN CURRIER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-10-805 |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | * | |
| Defendant. | * | |

******

## MEMORANDUM

This matter is before the Court by the parties' consent. (ECF Nos. 6, 7). Vincent Piazza, Esq. has filed a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b) and § 1383(d)(2). (ECF Nos. 34, 37, 39). The Commissioner opposes Mr. Piazza's petition, alleging that it is untimely. (ECF No. 40). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Mr. Piazza's Petition for Attorney's Fees is DENIED.

**I. BACKGROUND**

On June 20, 2005, Terry Lynn Currier filed applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). (ECF No. 34, Ex. 2 at 7). She was represented throughout the agency proceedings, and the subsequent court proceedings, by Mr. Piazza. After benefits were denied through the administrative appeals process, on April 1, 2010, Ms. Currier petitioned this Court to review the Social Security Administration's final decision to deny her claims. (ECF No. 1). After Ms. Currier submitted a motion for summary judgment, (ECF No. 11), and after approximately eight months' worth of extensions of time, the Commissioner filed a consent motion to remand Ms. Currier's claims to the agency under

1

Sentence Four of 42 U.S.C. § 405(g).  (ECF No. 29).  This Court granted the consent remand on June 23, 2011.  (ECF No. 30).

After the consent remand, on July 22, 2011, Ms. Currier requested attorney's fees for Mr. Piazza under the Equal Access to Justice Act ("EAJA").  (ECF No. 31).  Mr. Piazza was granted $4,200.00 in EAJA fees for his work.  (ECF No. 33).  After further proceedings at the agency, Administrative Law Judge Melvin G. Olmscheid found Ms. Currier to be disabled as of July 29, 2006.  (ECF No. 34, Ex. 2).  On July 8, 2013, the SSA sent Ms. Currier and Mr. Piazza a Notice of Award, calculating the past-due SSI payments owed to Ms. Currier in the total amount of $55,745.00.  (ECF No. 34, Ex. 4).

Mr. Piazza filed the instant Petition for Attorney's Fees, pursuant to 42 U.S.C. § 406(b), on September 17, 2013.  (ECF No. 34).  Mr. Piazza now seeks $13,936.25 for his work, which would include the $6,000.00 he has already been awarded for his work in front of the Social Security Administration plus $7,936.25 for his work in front of the federal district court.  *Id*.  $13,936.25 equals twenty-five percent of the past-due benefits awarded.

**II. ANALYSIS**

Upon an award of past-due benefits under Title XVI Supplemental Security Income, 42 U.S.C. § 1383 authorizes the payment of reasonable attorney's fees totaling no more than twenty-five percent of such benefits.[1]  42 U.S.C. § 1383(d)(2)(B)(i).  The Social Security Act does not impose a time limit for fee petitions under § 1383.  Rule 54(d)(2)(B) of the Federal Rules for Civil Procedures states, "Unless a statute or court order provides otherwise, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment."  Fed. R. Civ. P.

---

[1] Section 1383 specifically incorporates provisions of 42 U.S.C. § 406(b), which governs payment of attorney's fees out of an award of past-due benefits under Title II Disability Insurance Benefits.  42 U.S.C. § 1383(d)(2)(A).  Because Ms. Currier applied for both Title II and Title XVI benefits, both statutes are implicated.  In practice, the two statutes function identically, and the same considerations are undertaken in analyzing fee petitions pursuant to each provision.

54(d)(2)(B)(i). The Local Rules for the United States District Court for the District of Maryland in effect at the time Mr. Piazza filed this motion specified that a motion for attorney's fees in Social Security cases must be filed within thirty days of "the entry of judgment."[2] D. Md. R. 109.2(c) (July 1, 2011). Furthermore, "[n]on-compliance with these time limits shall be deemed to be a waiver of any claim for attorney's fees." D. Md. R. 109.2(a).

The term "entry of judgment" has not been defined in this context. Other courts have run the time for filing a Social Security fee petition from the date of counsel's receipt of the SSA's Notice of Award, not from the date of the remand order, which likely occurred years earlier. *See Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (holding that it is appropriate to toll the filing deadline for a petition for attorney's fees under 406(b) until the date the attorney is notified of the Notice of Award); *Jones v. Astrue*, 1:09CV61, 2012 WL 2568083, at *1 (W.D.N.C. June 29, 2012) (finding a petition filed eight months after the court's remand order timely based on an earlier extension of the time in which Plaintiff's counsel could seek attorney's fees under § 406(b) to a period thirty days after the final Notice of Award); *see also In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2),* Standing Order No. 08-03 (N.D. Ga. 2008), *available at* http://www.gand.uscourts.gov/pdf/Standing_Order_08-03.pdf (standing order requiring fee petitions to be filed no later than thirty days past the date of the Social Security letter containing the past-due benefit calculation).

Even if this Court were to use the latest date in this case as the "entry of judgment," which is the July 8, 2013 Notice of Award, (ECF No. 34, Ex. 4), Mr. Piazza's petition is

---

[2] Recently, the Local Rule has been amended to eliminate the use of the term "entry of judgment," which was ambiguous in the context of Social Security appeals. The current version of the rule is clear that the motion for fees must be filed "within thirty (30) days of the date of the Notice of Award letter sent to the claimant and the attorney." Loc. R. 109.2.c (July 1, 2014).

untimely.  Mr. Piazza does not contend that he did not receive that notice on July 8, 2013, or within days thereafter.  His September 17, 2013 petition was submitted seventy-one days after the date of the Notice of Award, thereby clearly violating the thirty-day deadline imposed by Local Rule 109.2(c).  In accordance with Local Rule 109.2(a), his non-compliance is deemed to be a waiver of any claim for attorney's fees for his work before the district court.  Of course, Mr. Piazza has already received $4,200.00 in fees pursuant to the EAJA, plus $6,000.00 (minus a small administrative assessment) in fees for his work at the administrative level, so his work in this case will not go uncompensated despite his tardy filing.[3]

### III.  CONCLUSION

Based on the foregoing, the Court denies Mr. Piazza's Petition for Attorney's Fees.  A separate order follows.


Dated: August 22, 2014                                    /s/
                                                     Stephanie A. Gallagher
                                                     United States Magistrate Judge

---

[3] Besides being untimely, Mr. Piazza's petition has another significant deficiency.  Mr. Piazza has repeatedly attached a contingent fee agreement, (ECF No. 34, Ex. 3; ECF No. 39, Ex. 1), which he asserts memorializes an agreement with Ms. Currier that his fee would be "25% of the client's retroactive Social Security benefits." (ECF No. 34).  However, the agreement does not, in fact, include any such language.  The agreement reads, "[My attorney and I] agree that if the SSA favorably decides the claim *at any stage through the first hearing at the Administrative Law Judge level* I will pay my attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b) $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406(a)." (emphasis added).  On its face, the agreement does not govern representation before this Court, or demonstrate that Ms. Currier ever agreed to a fee totaling more than the $6,000 maximum set by the Commissioner under § 406(a) at the relevant time.